UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD WHITAKER, | ) |
| | ) |
| Movant, | ) |
| vs. | ) |
| | ) Case No. 4:23-cv-00477-SEP |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Movant Donald Whitaker's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, Doc. [1]. The motion is fully briefed. For the reasons set forth below, the motion is denied.

### I.     Background

In January 2020, Whitaker was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Whitaker*, 4:19-cr-00261-SEP, Crim. Doc. [1]. Whitaker waived indictment and pled guilty pursuant to a written plea agreement. Crim. Docs. [55], [58].

In the plea agreement, Whitaker admitted that he knowingly violated § 922(g)(1). Doc. [58]. He also acknowledged the possibility that he could be subject to enhanced penalties under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See id*. at 4, 6. The agreement stated that "[t]he Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence." *Id*. During his change of plea hearing, Whitaker confirmed under oath that he was satisfied with his counsel's representation, and he understood that, "[i]f [he] were to qualify under that law, [he] would be looking at a much higher sentence." Crim. Doc. [65] at 4, 17-18.

The presentence investigation report (PSR) calculated a total offense level of 30 and determined that some of Whitaker's prior offenses qualified as predicate offenses for the purpose of 18 U.C.S. § 924(e). Crim. Doc. [63] ¶ 28. Whitaker objected to the PSR's characterization of his prior felonies as predicate offenses for purposes of ACCA; the Government responded; and Whitaker replied. Crim. Docs. [75], [76], [98].

At sentencing, Whitaker again confirmed that he was "fully satisfied" with his counsel's representation, and then he withdrew his objections to the PSR through his counsel.  Crim. Doc. [132] at 8, 11.  The Court specifically asked counsel if Whitaker had any remaining objections to the PSR, and counsel confirmed that he did not.  *Id*. at 11.  The Court then adopted the PSR's guideline calculation and heard the parties' arguments regarding the 18 U.S.C. § 3553(a) factors. *Id*. at 14.  Whitaker requested a sentence of 63 months, and after discussing the 3553(a) factors, the Court found that a sentence of 63 months was sufficient but not greater than necessary to serve the purposes of sentencing.  *Id*. at 16, 20, 28-29; *see also* Doc. [127] at 1.

In April 2023, Whitaker filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, challenging his sentence.  Doc. [1].  He alleges that counsel provided ineffective assistance of counsel by withdrawing his objections to the PSR.  Doc. [2].

## II.     Legal Standard

Section 2255 of Title 28 of the United States Code provides a "postconviction remedy for federal prisoners."  *Jones v. Hendrix*, 599 U.S. 465, 469 (2023).  Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A prisoner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief.  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).  The Eighth Circuit has explained that a § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Id*.

## III.    Discussion

In Grounds 1 and 2, Whitaker argues that counsel provided ineffective assistance by withdrawing his objection to the PSR's determination that some of his prior convictions qualify as predicate offenses under § 924(e).  Doc. [2].  The Government counters that Whitaker's counsel was not deficient and counsel's withdrawal of the objections did not prejudice Whitaker.  Doc. [10].

2

Claims of ineffective assistance of counsel require a movant to show "both that his attorney's performance 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). To show that counsel's performance was deficient, a movant must show "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment to the United States Constitution." *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir. 2005) (citation modified). Because of the difficulties inherent in evaluating an attorney's performance, the court must provide a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance." *Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689). To demonstrate prejudice, a movant must show a "reasonable probability that but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez*, 929 F.3d at 1044-45 (citation modified). "In examining whether prejudice has resulted from counsel's deficient performance, the ultimate focus is on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Carter v. Hopkins*, 92 F.3d 666, 669 (8th Cir. 1996) (citation modified).

To prevail on the performance prong, Whitaker must demonstrate that his counsel's withdrawal of his objections fell below the wide range of professionally reasonable assistance. But counsel "need not raise every single conceivable argument to defeat a claim of ineffective assistance of counsel." *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996). And "[i]t is not ineffective assistance of counsel to withdraw objections that have no support in the law." *Toledo*, 581 F.3d at 681. Rather, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (citation modified).

Here, Whitaker has not shown that counsel performed deficiently by withdrawing his objections to the PSR. After the withdrawal, Whitaker received the sentence requested by his counsel, which was significantly below the guideline range. Doc. [132] at 13, 20. Given the "wide range of professionally reasonable" decisions, counsel's decision to withdraw Whitaker's objections and argue for a downward variance qualifies as a strategic choice made in

3

consideration of the pertinent law and facts. *See Rice*, 449 F.3d at 897. And Whitaker "cannot complain when the district court gave him exactly what his lawyer asked." *See United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002) (affirming the district court's judgment where counsel withdrew defendant's objections to the PSR and requested a sentence "at the low end of the guideline range, which the district court did"). Simply put, counsel's performance was not deficient.

Because Whitaker fails to show deficient performance, the Court does not reach the prejudice prong of the ineffective assistance standard.

## IV. Conclusion

For the reasons set forth above, Whitaker's § 2255 motion is denied. Because the motion and the record conclusively show that Whitaker is not entitled to relief, no evidentiary hearing will be necessary. *See Engelen*, 68 F.3d at 240. And no certificate of appealability shall issue because Whitaker has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Whitaker's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of December, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE